142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. GANDOLFI; Daisy Rose Gandolfi; Erik J. Gandolfi;
and Mark Gandolfi, Plaintiff-Appellants,
v.
DESERT SHADOWS RV RESORT OWNERS ASSOCIATION, INC., a
California Nonprofit Corporation, Defendant-Appellee.
 No. 96-56769.
D.C. No. CV-93-374-AHS.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 9, 1998.**
Decided April 20, 1998.
 
 Appeal from the United States District Court for the Central District of California, Alicemarie H. Stotler, District Judge, presiding.
 Before FARRIS, O'SCANNLAIN, AND FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*.
 
 
 2
 The facts are known to the parties, and we will not repeat them here.
 
 
 3
 The issue before us is whether the Gandolfis have standing. An objection to the district court's subject matter jurisdiction can never be waived; it can be raised at any stage of the proceeding. See Sosna v. Iowa, 419 U.S. 393, 398, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Thus, if the Gandolfis fail to meet the Article III standing requirements, we must affirm the district court's dismissal for lack of subject matter jurisdiction, despite Desert Shadows's three-year delay in bringing the motion to dismiss.
 
 
 4
 Under Article III of the Constitution, there are three standing requirements: (1) a concrete "injury in fact"; (2) a causal connection between the injury and the defendant's conduct; and (3) redressibility. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Gandolfis claim they have suffered three injuries on account of Desert Shadows's "55 and over" age restriction.
 
 
 5
 First, the Gandolfis contend they were injured when Desert Shadows threatened to sue and to evict Mark Gandolfi for living in the park in violation of the "55 and over" requirement. However, "familial status" discrimination is not mere age discrimination.[1] Under the Fair Housing Act ("FHA"), "familial status" is defined as "one or more individuals (who have not attained the age of 18 years ) being domiciled with" a parent, legal custodian, or designee of such parent or custodian. 42 U.S.C. § 3602(k) (emphasis added). Being 32 years old at the time of the threats, Mark does not meet this definition. Therefore, any discrimination against him can not qualify as "familial status" discrimination.
 
 
 6
 Second, the Gandolfis claim to have suffered economic injury as a result of Desert Shadows's restrictions on sales of mobilehomes and lots. Under the "55 and over" policy, the Gandolfis cannot sell to families with young children. However, the Gandolfis have not alleged that they ever attempted to sell their mobilehome or lot. Because an alleged injury must be "distinct and palpable," Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), mere conjecture about declines in market value is insufficient. Moreover, when the Gandolfis purchased their lot in 1986, they knew that occupancy and ownership was restricted to persons eighteen years of age or older. Thus, if the inability to sell to families with minor children has depressed the market price of the mobilehome or lot, that market price was already depressed when the Gandolfis bought the property. The Gandolfis did not suffer economic loss.
 
 
 7
 Third, the Gandolfis contend that they have suffered a non-economic loss: Desert Shadows's policies deprived them of their right to live and to associate in a diverse community containing families with underage children. In support of their position, the Gandolfis cite Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979), which recognized that "racial steering practices" injured the people living in the neighborhood by "depriv[ing] them ... of the 'social and professional benefits of living in an integrated society.' " Id. at 98. However, no court has extended Gladstone to the context of "familial status" discrimination, and we decline to do so here; the Gandolfis have simply not shown any distinct social or professional benefits of living in a "familially diverse" community. Moreover, the Gandolfis were not "deprived" of anything. They knew of the "18 and over" age restriction when they voluntarily moved into the mobilehome park; three years later, John and Daisy Gandolfi even voted for the "55 and over" age restriction.
 
 
 8
 The Gandolfis did not suffer injury. We therefore affirm the district court's dismissal for lack of subject matter jurisdiction.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously found this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The FHA defines "aggrieved person" as anyone who either "claims to have been injured by a discriminatory housing practice" or "believes that such person will be injured by a discriminatory practice that is about to occur." See 42 U.S.C. § 3602(i) (emphasis added). The definition does not create any "legal rights, the invasion of which creates standing." Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)) (internal quotation marks omitted). To find out what legal rights the person has--and thus whether or not he can claim "injury"--it is necessary to turn to another section of the statute, namely 42 U.S.C. § 3604, which prohibits various types of housing discrimination on account of "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604 (emphasis added). It does not prohibit age discrimination in general